USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re* Application of The Liverpool Limited
Partnership

21-mc-392 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is The Liverpool Limited Partnership's application for an order to take

discovery from Respondent JPMorgan Chase & Co. pursuant to 28 U.S.C. § 1782.  For the

following reasons, the Court DENIES Petitioner's Application.

I.      BACKGROUND

The present application stems from an appraisal proceeding that Petitioner filed in the

Tokyo District Court of Japan on February 26, 2021.  Dkt. No. 4 at 1.  Petitioner is a private

investment fund that was a minority shareholder investor in LINE Corporation, which was "a

publicly traded Japanese company that was delisted from the Tokyo and New York Stock

Exchanges and taken private on December 29, 2020."  *Id.*  As a minority shareholder,

Petitioner's "shares were cashed out following a tender offer and subsequent share consolidation

orchestrated by LINE's controlling shareholders" to take the company private.  *Id.*

In the underlying appraisal proceeding, Petitioner contends that "the tender offer and

share consolidation were fundamentally unfair to minority shareholders, both with respect to the

tender offer price, which significantly undervalued LINE shares, and the process undertaken to

approve the transactions."  Dkt. No. 4 at 2.  In particular, Petitioner argues that the Special

1

Committee failed to consider material changes to the Company's valuation and business condition stemming from the COVID-19 pandemic when it approved the tender offer; the Committee failed to "consider the significant difference in the value of consideration going to the minority versus the controlling shareholders"; the Committee was "not independent"; and "the Tender Offer and Squeeze-Out did not contain a majority of the minority condition to protect LINE's minority shareholders."  Dkt. No. 4 at 6-7.

Following the tender offer and squeeze-out, Petitioner filed an appraisal proceeding in Japan "to obtain a judicial determination of the fair value of their shares subject to the squeeze-out."  Dkt. No. 4 at 7.  In determining the fair value, the Japanese appraisal court would also "examine the fairness . . . of the process that led LINE's board to approve the Tender Offer and Squeeze-Out." *Id.* at 8 (citing Tokutsu Decl. ¶ 18).

Petitioner filed the instant application on April 7, 2021.  Dkt. No. 1.  It seeks an order from this Court pursuant to 28 U.S.C. § 1782 to take discovery from JPMorgan Chase & Co ("JPMC").  JPMorgan Securities Japan Co. ("JPMS"), which is a Japanese subsidiary of JPMC, "served as the financial advisor to LINE concerning the Buyout." Dkt. No. 4 at 9.  According to Petitioner, JPMorgan Securities "participated in negotiations concerning the economics and structure of the buyout, created financial analysis, and ultimately produced a written fairness opinion to LINE's board of directors deeming the Tender Offer price 'fair' to the minority shareholders." *Id.*  Thus, Petitioner seeks a deposition of Respondent, and the production of documents concerning: "(i) the advice and analysis it provided to LINE; (ii) LINE's valuation; (iii) the fairness of the terms and the process of the Tender Offer, the Squeeze-Out, and the subsequent transactions; (iv) any forecasts of the Company's future performance, including

2

financial projections and cash flow projections; (v) any alternative bids to acquire the Company; and (vi) the synergies of the proposed consolidation at issue in the Buyout." *Id.* at 10.

JPMC opposed the application on June 30, 2021, Dkt. No. 26, and Petitioner filed a reply in support on July 16, 2021, Dkt. No. 27. The Court granted Respondent leave to file a sur-reply on August 4, 2021. Dkt. No. 30. The Court subsequently denied Petitioner's request for oral argument but granted leave to file a sur-reply in response to Respondent's sur-reply. Dkt. No. 33. After the Court informed the parties that no further filings would be accepted, Petitioner filed a letter regarding supplemental authority and Respondent filed a response. Dkt. Nos. 34-35.

## II.   DISCUSSION

Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." The statute imposes three requirements: "(1) that the person from whom discovery is sought reside (*or be found*) in the district of the district court to which the application is made; (2) that the discovery be for use in a proceeding before a foreign tribunal; and (3) that the application be made by a foreign or international tribunal or 'any interested person.'" *See In re Edelman*, 295 F.3d 171, 175-76 (2d Cir. 2002) (emphasis in original) (quoting *In re Esses*, 101 F.3d 873, 875 (2d Cir. 1996)).

"Once a district court is assured that it has jurisdiction over the petition, it 'may grant discovery under § 1782 in its discretion.'" *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)). In making that determination, courts consider four non-exhaustive factors first outlined by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004): (1) whether the target of discovery is a participant in the foreign proceeding; (2) the nature of the foreign tribunal

3

and its receptiveness to U.S. federal court assistance; (3) whether the application is attempting to "circumvent foreign proof-gathering restrictions"; and (4) whether the request is "unduly intrusive or burdensome." *See id.* at 264-65.  In considering these factors, a district court may exercise its discretion in determining whether to grant discovery under § 1782.

Looming over this motion, however, is the fact that JPMC is not in actual possession of the information sought by Petitioner.  Rather, JPMC's wholly-owned subsidiary, JMPS Japan, is in actual possession of the information.  Thus, the dispositive issue on this motion is whether JPMC has possession, custody, or control of the relevant information.  *See In re Application of CBRE Global Investors (NL) B.V.*, 20-mc-315 (VEC), 2021 WL 2894721, at *4 (S.D.N.Y. July 9, 2021).

Section 1782(a) authorizes discovery to proceed in accordance with the Federal Rules of Civil Procedure, which in turn require a subpoenaed party to produce documents that are in its "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1), 45(a)(1)(A)(iii).  A party need not actually possess material to be a properly subpoenaed party—rather, the party "has control over material that it has the practical ability to obtain" or "that it has a legal right to obtain." *In re Application of CBRE*, 2021 WL 2894721, at *3 (quoting *Sec. & Exch. Comm'n v. Strauss*, No. 09 Civ. 4150 (RMB) (HBP), 2009 WL 3459204, at *7 (S.D.N.Y. Oct. 28, 2009)); *see also Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (holding that "control" connotes "access and the practical ability" to obtain requested documents).  Because JMPC contests that it has possession, custody, and control of the relevant information, *e.g.*, Dkt. No. 31 at 5, Petitioner bears the burden of establishing JPMC's control.[1] *In re Application of CBRE Glob. Invs.*, 2021 WL 2894721, at *3.

---

[1] Petitioner does not contest its burden to establish that JPMC is in control of the information it is seeking to discover.  *See, e.g.*, Dkt. No. 4, 27.

Petitioner largely points to the fact that JPMS Japan is a subsidiary of JPMC to establish control. *See* Dkt. No. 27 at 4.[2]  But the fact that JPMS Japan is a wholly owned (or even "significant") subsidiary of Respondent is not dispositive of control.  *Stream Sicav v. Wang*, 12 Civ. 6682 (PAE), 2014 WL 262753, at *5 (S.D.N.Y. June 12, 2014). A "parent cannot be legally obligated at the threat of sanction to provide [a document held by a subsidiary], unless 'the intracorporate relationship establishes some legal right, authority or ability [of the parent] to obtain requested documents on demand.'"  *Id.* (citation omitted).  Petitioner's attempts to establish this "intracorporate relationship" fail.  It argues that JPMC holds itself "out to the public as significantly intertwined" with JPMS Securities because JPMC's website states that it "provides financial services" in Japan "through JPMorgan Securities Japan Co., Ltd." and one managing executive serves as an officer at both JPMC and JPMS Japan.  Dkt. No. 28-2, 28-3.

Petitioner does not meet its requisite burden of establishing control based on the level of control other courts have found necessary to establish a parent's control over a subsidiary for discovery purposes.  For example, a parent has control over a subsidiary for discovery purposes when the parent is "responsible for the compliance, risk management, governance, and financial reporting operations" of the subsidiary, and there was "*substantial* overlap between the management executives of the parent and the subsidiary."  *See, e.g.*, *Motorola Credit Corp. v. Uzan*, 02 Civ. 666 (JSR), 2013 WL 6098388, at *3 (S.D.N.Y. Nov. 20, 2013) (emphasis added) (cleaned up)).  A parent may also have control over a subsidiary "if they share[] employees, . . .

---

[2] Petitioner's reliance on 17 C.F.R. § 210.1-02 to establish control is unavailing as that regulation is limited to "filings pursuant to Federal securities laws" and "the preparation of accounts by persons engaged . . . in the production of crude oil or natural gas in the United States."  That JPMS is a "bank holding company" under the Bank Holding Act is similarly irrelevant as JPMC's filings make clear that "non-U.S. subsidiaries are regulated by the banking, securities, prudential and conduct regulatory authorities in the countries in which they operate." Dkt. No. 28-1.

5

facilities, . . . office space[,] and utilize[] common practices and forums." *In re Vivendi, S.A. Sec. Litig.*, 02 Civ. 5571 (RJH) (HBP), 2009 WL 8588405, at *4 (S.D.N.Y. July 10, 2009).  Limited interconnectedness like the facts Petitioner points to here are insufficient to establish control.

Finally, Petitioner argues that Respondent has not "provided the Court with any evidence to contest" finding that JPMC has possession, custody, or control over documents held by JPMS Japan.  But this improperly shifts the burden to JPMC.  *See* Dkt. No. 27 at 10 n.2.

Because Petitioner has not shown that JPMC "exercises operational control" over JPMS Japan or that the two "operate as one entity," the Court cannot conclude that JPMC has control, possession, or custody over the requested discovery.  *Motorola*, 2013 WL 6098388, at *4; *Stream Sicav*, 2014 WL 2624753, at *11.  Accordingly, the Court denies Petitioner's request for an order of judicial assistance pursuant to 28 U.S.C. § 1782 because it fails to establish that the documents sought are within the named Respondent's control.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's application to conduct discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782.

The Court will file this Memorandum Opinion & Order under temporary seal to allow consideration of any sealing or redaction requests.  The parties are ordered to file any redaction requests by November 26, 2021.

This resolves Dkt. No. 1.


SO ORDERED.

Dated: November 4, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge