```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/27/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of The Liverpool Limited Partnership

21-mc-392 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

The Court on November 4, 2021, denied Petitioner Liverpool Limited Partnership's application to take discovery from Respondent JPMorgan Chase & Co. pursuant to 28 U.S.C. § 1782, concluding that Petitioner failed to carry its burden of establishing Respondent's control over the documents possess by its Japanese subsidiary. Dkt. Nos. 39, 50. Petitioner on November 4, 2021, filed a motion for relief from the Court's order, requesting limited discovery into Respondent's control of its subsidiary. Dkt. No. 42. Respondent filed a response on November 24, 2021. Dkt. No. 46. Whether to grant such a motion "rests within the sound discretion of the district court." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

The Court denies Petitioner's motion. First, because Petitioner did not raise this request in the substantial briefing that accompanied its application for discovery, it is an inappropriate basis for a motion for relief from a judgment. "A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced,' nor is it a substitute for appeal." *Peoples v. Fischer*, 898 F. Supp. 2d 618, 624 (S.D.N.Y. 2012) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

1

Second, on the merits, Petitioner has not demonstrated that the Court was or is now obligated to order discovery before determining Respondent's control over its subsidiary. At most, Petitioner has shown that courts in these circumstances typically consider additional materials from respondent, whether formally ordered in discovery or submitted unsolicited by the respondent. *E.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, No. 02 CIV. 5571 (RJH) (HBP), 2009 WL 8588405, at *3 (S.D.N.Y. July 10, 2009); *In re Stadtwerke Frankfurt Am Main Holding GmbH*, No. 19-MC-0035 (JMF), 2019 WL 3004150, at *2 (S.D.N.Y. July 10, 2019), *aff'd sub nom.*, 813 F. App'x 6 (2d Cir. 2020). But even when a respondent puts up no credible evidence of its lack of control, a court may still find that a respondent company lacked control over its subsidiary. *See In re Application of CBRE Glob. Invs. (NL) B.V.*, No. 20-MC-315 (VEC), 2021 WL 2894721, at *5–6 (S.D.N.Y. July 9, 2021) (stating that "both common sense and the evidence severely undercut the credibility of" respondent's declaration but holding that petitioner "failed to satisfy its burden because its arguments are based almost entirely on conjecture"). Petitioner therefore has not justified relief from the Court's order dated November 4, 2021. *See United States v. Cirami*, 563 F.2d 26, 28–29 (2d Cir. 1977).

The Court DENIES Petitioner's motion. This resolves docket number 41.

SO ORDERED.

Dated: December 27, 2021
New York, New York

ALISON J. NATHAN
United States District Judge